IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**PAUL BRENNEKE QUALIFIED**
**PERSONAL RESIDENCE TRUST,**

    Appellant,

    v.

**UNITED STATES TRUSTEE,**
**PORTLAND,**

    Appellee.

No. 3:12-cv-00217-MO

OPINION AND ORDER

**MOSMAN, J.**,

Appellant Paul Brenneke Qualified Personal Residence Trust filed a motion to reconsider [120] my May 7, 2012, order dismissing this appeal for lack of prosecution [118]. Appellant also moves for appointment of counsel [126]. I now deny both motions.

## BACKGROUND

When the bankruptcy court dismissed appellant's Chapter 11 case on January 11, 2012, appellant timely filed a notice of appeal and election to proceed in district court on January 20, 2012. (*See* Mem. in Support of Mot. to Show Cause [113] Ex. 1 at 9, 11, 14). On January 23, 2012, the bankruptcy court issued a notice informing appellant that, pursuant to Fed. R. Bankr. P. 8006, a statement of issues and designation of the record were due within 14 days of the filing of the notice of appeal, and that an enclosed Notification of Ordering Transcript on Appeal form must be filed along with the statement of issues and designation of the record. (*Id.* at 26). That

1 – OPINION AND ORDER

deadline passed on February 3, 2012, without the requisite filings from appellant.  On February 6, 2012, the bankruptcy court transmitted certain parts of the record to the district court, but did not issue a certificate of readiness and the transmittal form noted that appellant had filed neither the statement of issues nor the Notification of Ordering Transcript on Appeal form. (Transmittal Form [1-6] 1).  On March 26, 2012, appellee moved for an order requiring appellant to show cause why the case should not be dismissed for lack of prosecution.  (Mot. for Order to Show Cause [112]). Appellee noted that appellant had still not filed a statement of issues, designation of the record, or Notification of Ordering Transcript on Appeal form, as required by the Federal Rules of Bankruptcy Procedure and the January 23, 2012, bankruptcy court notice.

On March 30, 2012, I issued an order requiring appellant to appear in writing within 20 days to show cause why the case should not be dismissed for want of prosecution, noting that the time for filing an opening brief had passed.  (Order to Show Cause [114]).  While a representative of the appellant emailed my staff on a few occasions, appellant failed to file an opening brief or any of the other documents mentioned above.  I therefore dismissed the case on May 7, 2012.  (Order of Dismissal [118]).  At that point, the documents referred to in the bankruptcy court's January 23, 2012, notice were more than three months late, appellant had not filed an opening brief, and appellant had not attempted to explain its tardiness.

On May 11, 2012, appellant moved for reconsideration of my dismissal order, noting that it attempted to file the missing documents via facsimile on May 1, 2012, and it was confused as to what it needed to file.  (Mot. to Reconsider [120] 1).  Appellant also filed an opening brief the same day.  (Debtor's Opening Br. [121]).  On May 25, 2012, appellant apparently filed the other missing documents with the bankruptcy court and the bankruptcy court issued a certificate of readiness on May 29, 2012.  (Certificate of Readiness [127]).

## DISCUSSION

Simply put, appellant has not provided me with any reason to reconsider or to grant relief from the order dismissing this appeal. *See Nat'l Bank of Long Beach v. Donovan*, 871 F.2d 807, 808 (9th Cir. 1989) (noting that reconsideration of a dismissal for failure to prosecute "is appropriately analogized to a Rule 60(b) determination"). It does not, and cannot, argue that dismissal was not appropriate as of May 7, 2012. At that point I had already issued an order to show cause with an express warning to appellant that the case could be dismissed for lack of prosecution and, more than a month later, appellant had still not taken the necessary steps to perfect its appeal. While my order to show cause and order of dismissal referenced the lack of an opening brief from appellant, appellee correctly points out that appellant had not even filed the threshold documents that the bankruptcy rules require to be filed before an opening brief. *See* Fed. R. Bankr. P. 8009 (requiring opening brief to be filed 14 days after the record is complete for purposes of appeal). And while appellant apparently attempted to belatedly satisfy those threshold filing requirements, it has not explained why the months of neglect in this case should be considered excusable. I therefore decline to reconsider my previous order of dismissal and decline to grant appellant relief from that order.[1]

---

[1] I note that *In re Fitzsimmons*, 920 F.2d 1468 (9th Cir. 1990), outlined factors district courts should consider when assessing whether dismissal is an appropriate sanction for noncompliance with the procedural rules governing bankruptcy appeals. A district court must generally consider the relative fault of the attorney and the client, as well as alternative sanctions to dismissal. 920 F.2d at 1472. A district court may, however, dismiss a case for noncompliance with procedural rules without explicit consideration of these issues in "egregious circumstances." *Id.* at 1473. Before dismissing the case, I considered and imposed the alternative sanction of an order to show cause. *See id.* at 1474 n.5 (explaining that "actual use of alternative sanctions prior to dismissal" satisfies a district court's obligation to consider alternative sanctions before dismissing an appeal). And I considered alternative sanctions again in the context of issuing the May 7, 2012, order of dismissal and also in reviewing the instant motion. Since appellant is currently pursuing this appeal *pro se*, relative fault does not cut in its favor. In any event, I view the delay here as egregious, in light of the time period at issue and appellant's lengthy disregard of express orders from this court and the bankruptcy court, with no apparent reason.

3 – OPINION AND ORDER

## CONCLUSION

Appellant's motion for reconsideration [120] is DENIED.  Appellant's motion for appointment of counsel [126] is DENIED AS MOOT.

IT IS SO ORDERED.

DATED this   12    day of June, 2012.

                                                /s/Michael W. Mosman
                                                MICHAEL W. MOSMAN
                                                United States District Court